IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN WASHINGTON BYERS,  )
          Plaintiff,  )
          v.  )  Civil Action No. 17-34-E
NANCY A. BERRYHILL,  )
COMMISSIONER OF SOCIAL SECURITY,  )
          Defendant.  )

O R D E R

AND NOW, this 26th day of March, 2018, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for Supplemental Security Income ("SSI") benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff asserts that the Administrative Law Judge ("ALJ") erred in finding him to be not disabled. Specifically, he argues that the ALJ's findings as to his residual functional capacity ("RFC") are not supported by substantial evidence because the ALJ failed to properly evaluate

the impact of his migraine headaches. The Court disagrees and finds that substantial evidence supports the ALJ's decision.

The Court notes at the outset that the parties are correct that, while the ALJ did not find Plaintiff's migraines to constitute a severe impairment at Step Two of the sequential analysis, the real issue is whether he properly accounted for them in formulating Plaintiff's RFC. As the parties appear to understand, the Step Two determination as to whether Plaintiff is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. See Bradley v. Barnhart, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ specifically to have found any additional alleged impairment to be severe. See Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); Lee v. Astrue, No. 06-5167, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); Lyons v. Barnhart, No. 05-104, 2006 WL 1073076, at *3 (W.D. Pa. March 27, 2006). Since Plaintiff's claim was not denied at Step Two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's migraines to be non-severe. Of course, even if an impairment is non-severe, it may still affect a claimant's RFC. In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996). See also 20 C.F.R. § 416.945(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim." SSR 96-8p at *5. Accordingly, merely because the ALJ did not find Plaintiff's migraines to be severe does not mean that this condition could not still have affected Plaintiff's RFC.

The RFC does not contain any limitations that appear to be specifically related to Plaintiff's migraine headaches. Plaintiff argues that the ALJ was wrong in so finding, basing this claim on his contention that the ALJ lacked a sufficient basis for finding his testimony as to the intensity, persistence, and limiting effects of his migraines to lack credibility. As Plaintiff fully acknowledges, when an ALJ has articulated reasons supporting a credibility determination, that determination is afforded significant deference. See Horodenski v. Comm'r of Soc. Sec., 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003). The Court finds that such deference is warranted in this case.

It is important to remember what Plaintiff's testimony as to the intensity, persistence, and limiting effects of his migraines actually was. As the ALJ discussed, Plaintiff testified that he suffers from migraines all day, every day, at a pain level of 9-10 out of 10. (R. 20, 39). In other words, Plaintiff testified to truly extreme symptoms stemming from his migraine headaches. The Court agrees with the ALJ that the objective medical evidence in the record does not come close to supporting a claim of such truly extraordinary symptoms.

Indeed, the ALJ explained his rationale for this conclusion in some detail. He properly considered that Plaintiff's activities of daily living, which were relatively extensive, were inconsistent with his subjective complaints of debilitating migraine headaches all day, every day. (R. 21). See Garrett v. Comm'r of Soc. Sec., 274 Fed. Appx. 159, 164 (3d Cir. 2008) (citing Burns v. Barnhart, 312 F.3d 113, 129-30 (3d Cir. 2002)); 20 C.F.R. § 416.929(c)(3)(i). He

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 10) is DENIED and Defendant's Motion for Summary Judgment (document No. 12) is GRANTED.

s/Alan N. Bloch<br>
United States District Judge

ecf:     Counsel of record

---

pointed out that Plaintiff had indicated that his headaches had improved shortly after he underwent surgery for the placement of a right frontal ventricularperitoneal shunt to treat his hydrocephalus on June 14, 2013. (R. 21, 216). He discussed that Plaintiff had reported that his headaches improved with Topamax. (R. 21, 55). He properly considered the impact of Plaintiff's poor work history on his credibility. (R. 21). See Salles, 229 Fed. Appx. at 147 (citing Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir. 1979)); Breslin v. Comm'r of Soc. Sec., 509 Fed Appx. 149, 153 (3d Cir. 2013). Finally, he pointed out that there is no support in the physicians' records to support the level of limitation alleged. It is in regard to this last point that Plaintiff asserts that the ALJ failed to acknowledge record evidence consistent with his testimony regarding the limiting effects of his migraines. However, the Court finds that the ALJ's finding is well supported by the record.

The record contains no evidence that Plaintiff ever reported symptoms at all consistent with his testimony to his treating physicians. Not only did he largely stop complaining of headaches shortly after his shunt was placed, he regularly denied pain and even specifically headaches from just five months after his surgery going forward. (R. 591, 637, 396, 439). This is in no way supportive of the extreme limitations to which he testified. Plaintiff responds to this by pointing out that the ALJ disregarded treatment records from after the surgery referring to his history of migraine headaches. (R. 362, 368). However, the issue is not whether Plaintiff had ever been diagnosed with migraines, but rather whether additional limitations should have been included in the RFC to account for the migraines based on Plaintiff's subjective claims. The records to which Plaintiff cites show no more than the fact that he reported his past medical history to his new doctors, including his history of migraines. They do not show any findings by these treating physicians of migraine headaches. Indeed, Dr. Alan Esper's records specifically demonstrate that Plaintiff denied experiencing headaches at his February 2015 appointment. (R. 362). While Plaintiff is correct that the ALJ did not specifically discuss this record, it actually only further supports the ALJ's findings.

In sum, the Court finds that there was sufficient evidence to support the ALJ's findings regarding the veracity of Plaintiff's subjective complaints. This is simply not a situation as in Thomas v. Colvin, No. 1:14-cv-00274, 2015 WL 4067147 (W.D. Pa. July 2, 2015), where the ALJ discounted the claimant's subjective claims regarding his migraine headaches solely based on the absence of objective medical evidence. Rather, as discussed above, the ALJ relied on a variety of factors that are supported by the record. Accordingly, for all of the reasons stated herein, the Court affirms the ALJ's decision.